UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 7382 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Elaine E. Bucklo |
| JOHN VISVARDIS #7176, | ) | |
| MARTIN LEUENBERGER #3259, | ) | |
| MELISSA MALM #7775, TOM DART | ) | |
| JODY WEIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION IN
OPPOSITION OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

NOW COME Defendants Thomas Dart and John Visvardis through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney KEVIN FREY, and submit this Reply to Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment and state as follows:

**INTRODUCTION**

On April 9, 2010, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint with an accompanying Memorandum of Law. (See CM/ECF # 39, 40) Plaintiff has not filed a response directed at Defendants' Motion to Dismiss, but filed a document on April 13 titled "Motion in Opposition to Defendant's Motion for Summary Judgment." ("Motion") (See CM/ECF # 43) This "Motion" was sent to the parties on April 7, 2010, two days prior to Defendants Dart and Visvardis filing their Motion to Dismiss. Thus, Plaintiff's "Motion" is not in response to Defendants' Motion to Dismiss. Notwithstanding the fact that the Plaintiff's "Motion" is not directed at the Defendants Motion to Dismiss, the Defendants reassert the

arguments made in Defendants' Motion to Dismiss, and address any arguments made in Plaintiff's "Motion in Opposition to Defendant's Motion for Summary Judgment."

On January 12, 2009, the Plaintiff, Darryl Jackson, filed his Amended Complaint ("Pl. Am. Comp.") under 42 U.S.C. § 1983 and the laws of the State of Illinois. The Plaintiff brings this action against Thomas Dart, Sheriff of Cook County, and John Visvardis, a Cook County Sheriff's Police Officer. However, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff has failed to state a claim against either Defendant. The Plaintiff's Amended Complaint is merely an attempt to collaterally attack his arrest and underlying criminal case, and his Motion in Opposition of Defendant's Motion for Summary Judgment is merely a reassertion of that collateral attack. Because the criminal court has already found that the arrest of the Plaintiff was constitutional, the Plaintiff does not have a cause of action from which he can obtain relief, and his Motion does not allege any further evidence of a constitutional violation, his Amended Complaint should be dismissed.

## ARGUMENT

As stated above, the Plaintiff has failed to submit a response to Defendant Thomas Dart and John Visvardis' Motion to Dismiss filed on April 9, 2010. The Defendants submit that Plaintiff's failure to respond is tantamount to an admission that the Defendants' properly supported Motion to Dismiss is well taken, should be granted, and Plaintiff's Amended Complaint should be dismissed with prejudice. Even though the Plaintiff has failed to file a response to Defendants' Motion to Dismiss, the Defendants reassert their arguments that were made in their Motion to Dismiss and will address any arguments made by the Plaintiff in his "Motion" that relate to the issues set forth in Defendants' Motion to Dismiss.

**A. PLAINTIFF CANNOT STATE A CAUSE OF ACTION UNDER SECTION 1983 OR STATE LAW AGAINST THE DEFEDANTS IN THEIR INDIVIDUAL CAPACITY FOR ILLEGAL ARREST, ILLEGAL SEARCH AND SEIZURE, OR INVASION OF PRIVACY.**

Plaintiff alleges that on Jan. 31, 2007, he was the subject of a warrantless arrest, and thus, has a claim for false arrest, invasion of privacy, unreasonable search and seizure, and Due Process violations under the Fourth and Fourteenth amendments. (Pl. Am. Comp., P. 18, ¶ 18.) Judge Michael Brown, however, held that Officer Visvardis had probable cause to detain the Plaintiff, and this finding bars Plaintiff from recovering in this action.

Plaintiff addresses the issue of probable cause in his "Motion," but is barred from asserting the arguments he puts forth. Plaintiff may appeal the ruling made by Judge Brown in his underlying criminal case that Officer Visvardis had probable cause to detain the Plaintiff, but his challenge here is improper for the reasons stated below.

**1. Plaintiff cannot plead a set of facts where he could recover for false arrest due to a prior finding of probable cause in his underlying criminal case.**

Plaintiff's complaint should be dismissed because there is no set of facts that Plaintiff can plead or prove that would enable him to succeed on his claims. Defendants set forth in their Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Def. Memo.") that Plaintiff must prove that Officer Visvardis did not have probable cause to detain Plaintiff, and that Plaintiff's underlying criminal proceeding has already made such a determination. (Def. Memo. P. 4)

In order to succeed in a civil action for unlawful arrest, there must be a finding that probable cause did *not* exist in the underlying proceeding. See *Boyce v. Woodruff*, 979 F.Supp. 817, 823 (N.D. Ind., 1997)(Cosbey, J.) ("The absence of probable cause is a necessary predicate to any unlawful arrest claim under 42 U.S.C. 1983.") Further, Plaintiff must exhaust all state

3

court remedies before brining a Section 1983 suit. *See Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Defendants assert in their Memorandum that there has been a final determination in Plaintiff's underlying criminal case that there was probable cause to arrest the plaintiff. (Def. Memo. P. 4) Plaintiff has not challenged this assertion in any filing, nor has Plaintiff appealed the holding of the state court. Instead, he brings this Section 1983 suit before this Court, stating that probable cause did not exist, despite Judge Brown's holding to the contrary. As the Supreme Court stated, Plaintiff must exhaust all his state remedies before bringing a Section 1983 petition. *Sullivan v. Boerckel*, 526 U.S. at 845. Because Plaintiff has not exhausted his state remedies, he is barred from bringing these claims before this Court, and this action should be dismissed.

**2. Plaintiff's claims are barred by the United States Supreme Court's decision in *Heck v. Humphrey*.**

As stated in their earlier Motion to Dismiss, Plaintiff is barred from bringing this Section 1983 suit by the United States Supreme Court's decision in *Heck v. Humphrey*. (Def. Memo. P. 5) (citing *Heck*, 512 U.S. 477, 486-87 (1994) (holding that a damages suit under Section 1983 may not imply the invalidity of the plaintiff's conviction unless the plaintiff can demonstrate that the conviction has already been invalidated)).

There was a finding of probable cause in Plaintiff's underlying criminal case following a hearing on Plaintiff's motion to quash arrest and suppress evidence. (Def. Memo., Ex. 2) The Plaintiff has not withdrawn his guilty plea or appealed that finding. The Plaintiff has only made a collateral attack on the findings by Judge Brown. If Plaintiff's claims in the case at bar were to

succeed, it would imply that Judge Brown's holding that probable cause existed was invalid, and violate the holding in *Heck.*

Plaintiff opposes this argument in his "Motion" by stating that his plea agreement and conviction for robbery were independent of his claim for false arrest under § 1983. (Motion, P. 14, ¶ 22) The Defendants acknowledged in their Memorandum "that *Heck* and the case law in the Seventh Circuit states that a conviction does not necessarily invalidate a claim of false arrest or illegal search because they are not requirements of a conviction. *Id*. at 487, FN 6." (Def. Memo. P. 5) However, Plaintiff's assertion fails because a holding in his favor in the current action would be in direct conflict with the holding by Judge Brown in his underlying criminal case, would invalidate that holding, and thus, violate *Heck*. Therefore, Plaintiff's Amended Complaint must be dismissed.

**3. Plaintiff makes no allegations as to the personal involvement of Thomas Dart in the alleged false arrest of Plaintiff.**

Plaintiff has not addressed Defendants' argument that Thomas Dart cannot be held liable in his individual capacity. As stated in Defendants' prior memorandum, in order to state a cause of action against Thomas Dart, Plaintiff must allege that Thomas Dart participated in the alleged constitutional deprivation. (Def. Memo. P. 6 (citing *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982))). Thomas Dart can only be liable in his individual capacity if his own conduct caused the alleged constitutional violations. (Def. Memo. P. 6 (citing *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998))).

As stated in Defendants' Memorandum of Law, supervisory status, by itself, does not create liability in Section 1983 actions. (Def. Memo. P. 6 (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000))). The Plaintiff must allege facts demonstrating the supervisor's personal involvement in, or knowledge and consent of, the unconstitutional activities of his

subordinates. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Supervisory status is insufficient to impose vicarious liability upon Defendant. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Liability under Section 1983 must be premised on a personal involvement in the deprivation of the constitutional right, not vicarious liability, "a 'person' should not be liable on *respondeat superior* grounds, but only when he or she has personally engaged in a violation of the act." *Davis v. Zirkelbach,* 149 F.3d 614, 619 (7th Cir. 1998). Moreover, a Plaintiff may not merely state a claim of command and rely on a theory of *respondeat superior* to impose liability under Section 1983. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988) citing *Duckworth*, 780 F.2d at 650.

In his Amended Complaint, Plaintiff did not set forth any facts or allegations that would show an affirmative link between Thomas Dart and any alleged constitutional violations. Further, Plaintiff failed to establish such a link in his "Motion." Without a showing of personal involvement on the part of Thomas Dart, Plaintiff fails to state a cause of action against Thomas Dart in his individual capacity.

### B. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL.

Plaintiff argues in his Motion in Opposition to Defendant's Motion of Summary Judgment that collateral estoppel does not apply because he "did not have a full and fair opportunity to litigate the issue of probable cause." (Motion, P. 1) This argument, however, does not address the issue set forth in Defendants' Memorandum of Law, which is that Plaintiff's action is "nothing more than a collateral attack on his arrest and subsequent conviction." (Def. Memo. P. 7)

Collateral estoppel precludes the relitigation of an issue when "(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually

6

litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir. 1995). "Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979).

Plaintiff's only citation with regard to collateral estoppel, *Ruppel v. Ramseyer*, is inapplicable to the case at bar. *See* 33 F. Supp. 2d 720, 724-725 (C.D. Ill. 1999). Plaintiff cites to *Ruppel* for the proposition that collateral estoppel does not apply to his case because he did not have the opportunity to fully and fairly litigate the issue of probable cause. (Motion, P. 1) *Ruppel* does not stand for such a proposition, but, instead, stands for the proposition that any counts of a plaintiff's complaint that "depend on proof of a lack of probable cause should be stayed pending the decision of [the appellate court]" when a Plaintiff has appealed the issue. *Id.* at 725. Indeed, *Ruppel* would apply if Plaintiff had appealed the decision in his underlying criminal case. Plaintiff, however, has made no such appeal, and was given a final ruling on the issue of probable cause when Judge Brown denied his Motion to Quash Arrest and Suppress Evidence in his underlying criminal case. (See Def. Memo., Ex. 2)

Moreover, the Plaintiff's Motion mainly focuses on the competency of his court appointed public defender. Again, this is an issue that the Plaintiff needs to raise on appeal in his underlying criminal case and has no bearing on whether collateral estoppel applies in this case. Plaintiff has not stated that he is arguing an issue different from the issue given a final judgment in his underlying criminal case. Plaintiff's Motion is merely a furtherance of the collateral attack on the ruling in his underlying criminal case, and should be dismissed.

### C. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY.

In his Amended Complaint, Plaintiff named Sheriff Thomas Dart and Officer John Visvardis in their official capacities. (Pl. Am. Comp. P. 10, ¶ 9) Plaintiff must show that his alleged constitutional violation was the result of an official custom, policy, or practice. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 691, 692 (1978). As stated in Defendants Memorandum, the Seventh Circuit has clearly stated the elements required to bring an official capacity suit:

> Case law recognizes three ways in which a municipality's policy can violate an individual's civil rights: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority.

(Def. Memo. P. 9 (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).) The Plaintiff must show that a municipality was the moving force behind an injury due to its own deliberate conduct. *County Comm'r of Bryan County v. Brown*, 520 U.S. 397, 399 (1997) (citing *Monell* 436 U.S. at 694). Further, a suit is properly dismissed when a Plaintiff files a complaint against an official in his official capacity without knowledge of what policy violated Plaintiff's rights or the authority of the office. *Jackson v. Marion County*, 66 F.3d 151, 153-154 (7th Cir. 1995).

Plaintiff's allegations contain myriad deficiencies with regard to his claims against Thomas Dart and John Visvardis in their official capacities. As it relates to John Visvardis, Plaintiff has not shown that John Visvardis created a policy or widespread practice that led to Plaintiff's alleged injury. Unsurprisingly, Plaintiff has not shown that John Visvardis has "final

8

policy making authority," as *McTigue* requires. The only allegations of policymaking authority in Plaintiff's pleadings are directed at Thomas Dart. (Pl. Am. Comp. P.16-17, ¶ 15, 16) For the foregoing reasons, the allegations as they relate to John Visvardis in his official capacity must be dismissed.

Plaintiff makes allegations against Thomas Dart in his official capacity, but, as stated throughout this Reply and Defendants' prior Memorandum of Law, there was a finding by the court in Plaintiff's underlying criminal case that John Visvardis' detainment of Plaintiff was lawful. (Def. Memo., Ex. 2, P. 54) If the detainment of Plaintiff was lawful, there can be no policy or practice that resulted in a constitutional violation.

Plaintiff's allegation that Thomas Dart "created a policy or custom of allowing and encouraging off-duty officers to carry or maintain a pistol at all times," fails because Thomas Dart's policy did not cause Plaintiff injury. (Pl. Am. Comp. P. 17, ¶ 16) Plaintiff merely alleges that John Visvardis drew his weapon to detain Plaintiff in a manner found reasonable by the court in his underlying criminal case. (Pl. Am. Comp. P. 9, ¶ 4; Def. Memo., Ex. 2 P. 54) If Plaintiff's detention and arrest were constitutional, then his rights were not violated by any unlawful policy, and thus, he fails to state a claim against Thomas Dart in his official capacity.

Plaintiff further alleges that Thomas Dart was negligent in training his officers. (Pl. Am. Comp. P. 16-17, ¶ 15, 16) This argument fails, however, because negligence is not enough to establish a Section 1983 violation. *Hill v. Barbour*, 1991 LEXIS 13233 at *13 (N.D. Ill. Sept. 24, 1991) (Bucklo, J.). "[Supervisors] must . . . act either knowingly or with deliberate, reckless indifference." *Id.* Plaintiff pleads himself out of court when he pleads that Thomas Dart was negligent in supervising or training Sheriff's Officers, because *Hill* explicitly states that negligence is not enough to establish such an action.

9

Plaintiff fails to set forth a policy, procedure, or custom that establishes a claim against Thomas Dart in his official capacity. Under *Monell*, Plaintiff's only other option is to allege that Thomas Dart established a widespread practice of encouraging illegal arrests and possession of firearms by off-duty officers at all times. Plaintiff's allegations are specific to his own arrest, and do nothing to allege a widespread policy. A single allegation of wrongdoing is insufficient to establish a policy or practice. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). Plaintiff fails to further any argument that Thomas Dart is responsible for any policy, custom, or practice that is responsible for violating Plaintiff's constitutional rights. For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed.

### D. PLAINTIFF FAILED TO TIMELY FILE HIS STATE LAW CLAIMS PURSUANT TO THE TORT IMMUNITY ACT

Plaintiff's state law claims of false arrest, invasion of privacy, and unlawful search and seizure were not timely filed, and are barred by the statute of limitations. Plaintiff claims that Defendants allegedly violated Sections One, Two, Six, Ten and Twenty-Four of Article One of the Constitution of the State of Illinois and 725 ILCS 5/108-1 and 725 ILCS 5/107-4. (Pl. Am. Comp. P. 12,¶ 5 and P. 18, ¶18)  The Illinois Tort Immunity Act states that an action must be commenced within one year of the date of the alleged violation. 745 ILCS 10/8-101(a). Because the Sheriff of Cook County falls under 745 ILCS 10/1-206's definition of a "public entity," any state law claim against the Sheriff must be filed within one year of the alleged violation. Plaintiff has not indicated that he was unaware of any alleged violation that would delay the running of the statute of limitations. See *Day v. Conwell*, 244 F. Supp. 2d 961, 964 (N.D. Ill., 2003) (Bucklo, J.) (Holding that factual basis for false arrest claims occur at the time of arrest, and plaintiffs should reasonably know of any potential violations.)

Plaintiff was arrested on Jan. 31, 2007. Plaintiff's statute of limitations expired on Jan. 31, 2008. Plaintiff filed this action on December 9, 2008. (See CM/ECF # 1.) Nearly double the amount of time allowed by the statute of limitations passed between the alleged violations and the filing of this action. Because Plaintiff has not set forth any reason he would be unaware of his alleged violations, his statute of limitations for his state law claims accrue on the date of the alleged injury. As a result of his failure to timely file his complaint, his state law claims must be dismissed pursuant to 745 ILCS 10/8-101(a).

## CONCLUSION

Based upon the foregoing, the Amended Complaint against Defendants Thomas Dart and John Visvardis should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and find this as one of Plaintiff's allotted dismissals under 28 U.S.C. Section 1915(g).

Dated: June 9, 2010

                                      Respectfully Submitted,

                                      ANITA ALVAREZ
                                      State's Attorney of Cook County

By:    /s/ Kevin Frey
        Kevin Frey
        Assistant State's Attorney
        69 West Washington, Suite 2030
        Chicago, Il 60602
        (312) 603-1440