IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Darryl Jackson, | ) | 08 C 07382 |
| | ) | |
| Plaintiff, | ) | Judge Bucklo |
| | ) | |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| John Visvardis, Martin Leuenberger, | ) | |
| Melissa Malm, Tom Dart, | ) | |
| Jody Weis, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, Martin Leuenberger, Melissa Malm ("defendant officers"), and Superintendent Jody Weis, by their undersigned attorneys, respectfully submit this reply in further support of their motion to dismiss and state as follows:

**INTRODUCTION**

"Merely saying something does not make it so." *Stallings v. United States,* 06 CV 136-WDS, 2006 WL 2460564, at *4 (S.D.Ill.Aug. 24, 2006) (*see also Fidelity & Deposit Co. of Maryland v. Marian Professional Const., Inc.,* 99 C 6787, 2004 WL 1718655, at *5 (N.D.Ill. July 29, 2004) ("That one of the parties says so does not make it so, and certainly does not by itself constitute competent evidence to create a genuine triable issue.") Plaintiff's response (entitled "plaintiff's motion in opposition of the defendants' motion for summary judgment") is rife with conclusory statements that he believes he did not have a "full and fair opportunity to litigate the issue of probable cause in the circuit court of cook county" (*see Plaintiff's Response* at ¶¶ 1-4, 10-18, 21) while admitting that he was given a hearing on his motion to suppress. (*see*

1

*Plaintiff's Response* at ¶ ¶ 2-7, 9-13, 15, 17-18, 20-2) In support of these statements, plaintiff includes arguments, citations to cases, and a transcript that are unpersuasive and unresponsive to defendants' arguments, namely, that plaintiff's current civil suit is barred under collateral estoppel and *Heck v. Humphrey,* that plaintiff's invasion of privacy and Fourteenth Amendment claims should be dismissed for failure to state a claim for which relief can be granted, and that defendant Weis should be dismissed from this case due to plaintiff's failure to allege any personal involvement. Instead, plaintiff argues repeatedly that his appointed counsel was incompetent, that he failed to provide plaintiff with effective assistance, and that the motion hearing was objectively unreasonable. (*see Plaintiff's Response* at ¶ ¶ 2, 10-18, 20- 22 ) Despite the above allegations, plaintiff later pled guilty to robbery. (*see Plaintiff's Response* at ¶ 22)

Notwithstanding that none of plaintiff's arguments hold any water against defendants Leuenberger, Malm or Weis, it appears plaintiff's response instead challenges the sufficiency of his legal representation during his criminal case. Indeed, plaintiff closes his response with the statement that he believes he has satisfied the test set forth in *Strickland v. Washington,* which sets out the standard for which a petitioner must meet to make out a claim for ineffective assistance of counsel. (*see Plaintiff's Response* at p. 14 of 14) Thus, plaintiff's failure to raise any substantive rebuttal to defendants' motion warrants the granting of defendants motion to dismiss plaintiff's complaint entirely, with prejudice.

**I.    The Majority of Plaintiff's Response Argues Ineffective Assistance of Counsel Which Is Irrelevant To Defendants, and also *Heck* Barred.**

Even if the court entertains plaintiff's argument concerning his alleged ineffective assistance of counsel, he simply cannot proceed on this claim in this case. The instant defendants, law enforcement personnel, are not the proper parties for such a claim. Further, plaintiff's argument alleging ineffective assistance of counsel is also *Heck* barred.

"In the context of a civil rights action, the court may nor [sic] consider whether the defendant satisfied the plaintiff's Sixth Amendment right to effective assistance of counsel. A ruling in the petitioner's favor on such a claim could call into question the validity of his confinement." *Sanchez v. Bolger,* 2005 WL 3159247, at * 5 (N.D. Ill. November 21, 2005)(Lefkow, J.) (attached hereto as Exhibit A) "[W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Id.* (citations omitted). "In short, the plaintiff's claim that Holcomb deliberately botched the plaintiff's defense and effectively contributed to his conviction is barred by *Heck,* without regard to whether Holcomb could be considered a state actor or co-conspirator with state actors." *Ercoli v. Paiva,* 2004 WL 539998, *2 (N.D.Ill. Jan. 23, 2004) (Guzman, J.) (attached hereto as Exhibit B)

Plaintiff has also cited a plethora of irrelevant and misplaced case law. Twelve of the cases pertain to a criminal defendant's constitutional right to testify, often in relation to a claim for ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668 (1984), *Alicea v. Gagnon,* 675 F.2d 913 (7th Cir. 1982), *U.S. v. Curtis,* 742 F.2d 1070 (7th Cir. 1984), *U.S. v. Teague,* 953 F.2d 1525 (7th Cir. 1992), *Harris v. Reed,* 894 F.2d 871 (7th Cir. 1990), *Nichols v. Butler,* 917 F.2d 518 (11th Cir. 1990), *Atkins v. Attorney General of the State of Alabama,* 932 F.2d 1430 (11th Cir. 1991), *Morrison v. Kimmelman,* 650 F.Supp. 801 (D.N.J.,1986), *People v. Morris,* 3 Ill.2d 437 (Ill.1954), *People v. Blevins,* 251 Ill. 381 (Ill. 1911), *People v. Schulman,* 299 Ill. 125 (Ill. 1921), *People v. Williams,* 329 Ill.App.3d 846 (1st Dist. 2002), cited throughout plaintiff's response. In contrast to these cases, plaintiff chose to plead guilty. In doing so,

plaintiff waived his right to a trial, making these cases, as well as three others plaintiff cited, misplaced (*Wainwright v. Sykes,* 433 U.S. 72 (1977) (defendant does not have a right to a hearing as to the voluntariness of a confession), *People v. Rodriguez,* 141 Ill.App.3d 923 (1st Dist. 1986) (lower courts granting of defendants motion to suppress evidence not against manifest weight of the evidence), and *People v. Stiles,* 95 Ill.App.3d 959 (2nd Dist. 1981) (defendant is entitled to a full and fair hearing on a motion to suppress, as well as the right to effective assistance of counsel)).

In addition, five of plaintiff's remaining case cites are factually distinguishable and irrelevant to the present case. In *United States v. Kaufmann,* 783 F.2d 708 (7th Cir. 1986) the court evaluated whether it was proper for the lower court to deny a new trial based on alleged false testimony. Here, instead of a trial, plaintiff opted to plead guilty voluntarily after losing his suppression hearing. In *People v. Fenton,* 154 Ill.App.3d 152 (3rd Dist. 1987), the court was determining the jurisdiction, if any, of an Illinois police officer's actions in Iowa. In *Arrington v. City of Chicago,* 45 Ill.2d 316 (Ill. 1970), *People v. Norwick,* 261 Ill.App.3d 257 (3rd Dist. 1994), the court evaluated whether it was proper for an off duty prison guard and an off duty auxiliary police officer to carry a weapon. Finally, in *Napue v. People of the State of Illinois,* the court found that it was a violation of due process when petitioner was convicted in part by testimony by a witness who falsely stated he had not received consideration for his testimony.

If plaintiff wanted to challenge any of the issues the above cases dealt with, those issues were for trial, which plaintiff waived his right to when he pled guilty, making his repeated statements that he "did not have a full and fair opportunity to litigate the issue of probable cause," unpersuasive. Thus, because plaintiff has failed to raise any relevant, persuasive and

4

supported argument to rebut defendants' arguments, defendants' motion to dismiss should be granted with prejudice.

**II. Plaintiff's Suppression Hearing and Guilty Plea Preclude The Instant Suit Pursuant to *Heck v. Humphrey* and Collateral Estoppel**

Plaintiff appears to misunderstand what a motion to quash and suppress accomplishes, as he repeatedly states in his response that he was denied a full and fair opportunity to litigate probable cause, while also attaching to his response a transcript of the suppression hearing that shows the precise opposite. (*see Attachment #1 of Plaintiff's Response*) Plaintiff's response also cites cases that cut against his argument that this lawsuit should proceed. Specifically, plaintiff cites to both *Ruppel v. Ramseyer,* 33 F.Supp.2d 720 (C.D.Ill.1999)(McCuskey, J.), and *Stevenson v. City of Chicago,* 638 F.Supp. 136 (N.D.Ill.1986)(Hart, J.), which stand in part for the proposition that, so long as there was probable cause for an arrest, any corresponding false arrest claim must fail due to *Heck* and collateral estoppel.

"Illinois follows the traditional approach and applies collateral estoppel when (1) the issue decided in the prior adjudication is identical with the one presented in the case under review, (2) the part against whom the estoppel is asserted was a party or in privity with a party to the prior litigation, (3) there has been a final adjudication on the merits in the former suit, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit…Under Illinois case law, a pretrial order granting a motion to suppress is a final order after judgment is entered in the case." *See Stevenson,* 638 F.Supp, 142. "Existence of probable cause is also the determining issue in deciding whether the protective policies of the Fourth Amendment require suppression of evidence seized in a warrantless arrest. Thus, because the issues in the civil rights action and the criminal suppression proceeding are
5

identical, an order denying a motion to suppress may estop a subsequent damage claim against the arresting officer." *Id.*

Plaintiff lost his suppression hearing, he pled guilty, and now wants to re-litigate his arrest with statements that he was doing "nothing unusual" at the time of and leading up to that same arrest, asking this court to conduct another examination into the underlying probable cause. (*see Plaintiff's Complaint* at ¶ ¶ 2-8) That ship, however, has sailed. "So long as Griffin's conviction stands, he cannot sue defendants for his imprisonment and trial. Although *Heck* may bar an illegal arrest claim, the denial of Griffin's motion to suppress, coupled with a jury verdict following trial, do preclude him from litigating the legality of his arrest in a subsequent § 1983 suit." *See Griffin v. Rodriguez,* 1997 WL 97397 (N.D.Ill. Feb. 27, 1997) (Coar, J.) (citations omitted) (attached hereto as Exhibit C) Thus, plaintiff's claims of unreasonable search and seizure are precluded by both collateral estoppel and *Heck,* and should be dismissed with prejudice.

### III. Plaintiff's Failure To Respond to Defendants' Arguments Concerning Plaintiff's Fourteenth Amendment Due Process Claim, Invasion of Privacy Claim and Failure to Allege Personal Involvement by Superintendent Weis, Warrants Dismissal.

Plaintiff's combined 23-page response is silent as to defendants' motion to dismiss plaintiff's invasion of privacy and Fourteenth Amendment Due Process claims for failure to state a claim for which relief can be granted. Thus, defendants respectfully request these claims also be dismissed with prejudice.

Plaintiff's response is also silent as to defendants' motion to dismiss Superintendent Jody Weis for failure to allege personal involvement, as required under § 1983. Thus, should this court deny defendants' motion in all other respects, defendants ask this court to dismiss defendant Weis from the instant suit, with prejudice.

WHEREFORE, defendants Leuenberger, Malm and Superintendent Weis respectfully request this Honorable Court grant defendants motion to dismiss plaintiff's complaint entirely, with prejudice.

Respectfully submitted,

*/s/ Cherie K. Getchell*
Cherie Getchell
Attorney for Defendants Leuenberger, Malm, and Weis


Andrew Hale
Avi Kamionski
Cherie Getchell
Andrew M. Hale & Associates
53 W. Jackson Blvd., Suite 1800
Chicago, Illinois 60604
312/341.9646