## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7382 | **DATE** | 8/26/10 |
| **CASE TITLE** | Darryl Jackson (B-12359) v. John Visvardis, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Defendants Jody Weis, Melissa Malm, and Martin Leuenberger's motion to dismiss [35] and Defendants Tom Dart and John Visvardis's motion to dismiss [39].  This action is dismissed in its entirety with prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Darryl Jackson, currently an inmate at East Moline Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983.  He alleges that he was arrested without probable cause.  Defendants Chicago Police Officers Martin Leuenberger and Melissa Malm and Superintendent of Police Jody Weis have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Defendants Cook County Sheriff Thomas Dart and Cook County Sheriff's Police Officer John Visvardis have also filed  a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Plaintiff has responded to both motions.

For the following reasons, the Court grants both of the motions to dismiss before it and dismisses this action.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff alleges that on January 31, 2007, Defendant John Visvardis ("Visvardis"), an off-duty Cook County Sheriff's Police Officer, placed him under arrest without a warrant, using a firearm. (Pl. Am. Comp. p. 11, ¶ 1.) Plaintiff claims that he was doing nothing unusual at the time and just exercising his right to run "at top speed" and be free from unreasonable searches and seizures. (Pl. Am Comp. p. 11-12, ¶ 2,3.) Plaintiff asserts that Visvardis conducted an illegal search and recovered $450.00 from Plaintiff's person. (Pl. Am. Comp. p. 13, ¶ 6.) Plaintiff claims that Visvardis did not have jurisdiction while he was off duty to use a firearm to arrest Plaintiff without a warrant or to seize Plaintiff's person or currency. (Pl. Am. Comp. p. 11, ¶ 1.) Plaintiff further alleges that Visvardis had not received any information over the radio that Plaintiff had been involved in any criminal activity nor did he observed Plaintiff violate any law. (Pl. Am. Comp. p. 11, ¶ 2.)

Plaintiff alleges that Chicago Police Officers Martin Leuenberger and Melissa Malm ("Leuenberger" and "Malm") also arrested Plaintiff at gun point without probable cause or any other legal justification. (Pl. Am. Comp. p. 13, ¶ 8.)

Plaintiff alleges that Defendant Thomas Dart ("Dart") has "created a policy or custom of allowing and encouraging said illegal acts of said officers by instructing them continue said unlawful arrest" and has "created a policy or custom of allowing and encouraging off-duty officers to carry or maintain a pistol at all times." (Pl. Am. Comp. p. 16-17, ¶ 15, 16.)

Plaintiff claims that Chicago Police Superintendent Jody Weis ("Weis") has created a policy or custom of allowing unlawful arrests and has been grossly negligent in managing and training his employees. (Pl. Am. Comp. p. 16, ¶ 15.)

Plaintiff was charged with the crime of Armed Robbery in *People of the State of Illinois v. Darryl Jackson*, 07 CR 03817. (Def. Ex. 1, p. 10; Def. Ex. B, p. 11.) On July 22, 2009, Plaintiff's Motion to Quash Arrest and Suppress Evidence in his criminal case was heard. (Def. Ex. 2, p. 3.) The Honorable Judge Michael Brown of the Circuit Court of Cook County, Illinois, found that there was probable cause to detain Plaintiff and place him under arrest. (Def. Ex. 2, p. 54.) On February 19, 2010, Plaintiff pled guilty to the lesser crime of robbery and was sentenced to ten years in the Illinois Department of Corrections. (Def. Ex. 1, p. 10; Def. Ex. B, p. 11.)

Defendants argue that because Plaintiff attacked his detainment and arrest through a Motion to Quash Arrest and Suppress Evidence in his underlying criminal case, his claims of false arrest, illegal search and seizure, and invasion of privacy are barred under the doctrine of collateral estoppel, or issue preclusion.

Collateral estoppel can bar a § 1983 plaintiff from relitigating claims that were decided in state criminal proceedings. *See Allen v. McCurry*, 449 U.S. 90, 104 (1980). Under Illinois law, collateral estoppel applies when: (1) the issue decided in the prior adjudication is identical to the issue presented in the current action; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Herzog v. Lexington Township*, 167 Ill.2d 288, 212 Ill.Dec. 581, 657 N.E.2d 926, 930 (Ill. 1995). In addition, "a decision on the issue must have been necessary for the judgment in the first litigation." *Talarico v. Dunlap*, 177 Ill.2d 185, 226 Ill.Dec. 222, 685 N.E.2d 325, 328 (Ill.1997).

In the instant case, the issue of whether there was probable cause to detain, arrest, and search Plaintiff was litigated via Plaintiff's Motion to Quash Arrest and Suppress Evidence in his prior state court adjudication. (Def. Ex. 2.) and is identical to the issue in this case. Judge Brown made a final judgment on the merits in the prior state court adjudication, finding there was probable cause to detain, arrest, and search Plaintiff. (Def. Ex. 2, p. 54.) Finally, Plaintiff was a party in the underlying criminal case.

In his response to Defendants' motions to dismiss, Plaintiff argues that collateral estoppel does not apply to his case because he did not have an opportunity to fully and fairly litigate the issue of probable cause in his state criminal court proceedings. He bases this argument on his allegation that his defense attorney provided ineffective assistance of counsel.

This argument fails on two fronts. First, in the context of a civil rights action, the Court may not consider whether Plaintiff's defense attorney satisfied Plaintiff's Sixth Amendment right to effective assistance of counsel. A ruling in Plaintiff's favor on such a claim could call into question the validity of his conviction and perhaps result in his release. However, Plaintiff's sole remedy to gain release is to file a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Second, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In the instant case, Plaintiff has not demonstrated that his conviction or sentence has been invalidated.

The Court accordingly finds that Plaintiff is collaterally estopped from asserting that he was detained, arrested, and searched without probable cause and that any claim regarding defense attorney's alleged ineffectiveness must be brought in a petition for a writ of habeas corpus.

Because the Court has determined that Plaintiff is estopped from bringing his claim of lack of probable cause in this action, the Court does not need to analyze Defendants' arguments regarding lack of personal involvement of Dart and Weiss or whether either or both had an official policy to arrest without probable cause. To the extent that Plaintiff is claiming violations of state statutes and regulations, §1983 provides a remedy for constitutional violations, not violations of state statutes and regulations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *see also Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988).

For the foregoing reasons, the Court grants Defendants Jody Weis, Melissa Malm, and Martin Leuenberger's motion to dismiss [35] and Defendants Tom Dart and John Visvardis's motion to dismiss [39]. This action is dismissed in its entirety with prejudice.